IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| DAVID K. FLEISCH, | * CHAPTER 13 |
|     Debtor | * |
| | * CASE NO. 1:15-bk-02545-MDF |
| KENNETH L. WATKINS, SR. | * |
| individually and as ADMINISTRATOR | * |
| for the ESTATE OF LISA ANN WATKINS, | * |
|     Plaintiff | * |
| | * |
| v. | * ADV. NO. 1:15-ap-00147MDF |
| | * |
| DAVID K. FLEISCH, | * |
|     Defendant | * |

**OPINION**

On September 14, 2015 Kenneth L. Watkins, Sr. ("Watkins") filed the above-captioned, three-count Complaint requesting that I find that his $85,000 claim in the bankruptcy case of David K. Fleisch ("Debtor") is excepted from discharge. Watkins' claim arose from the settlement of a civil action brought by Watkins after his wife, Lisa Ann Watkins ("Decedent"), was killed in a motor vehicle collision involving Debtor. On October 15, 2015, Debtor filed a Motion to Dismiss (the "Motion") the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1] For the reasons discussed below, the Motion will be granted in part and denied in part.

**I. Factual and Procedural Background**

For the purposes of deciding the Motion, I accept as true the following allegations of the Complaint.

---

[1] Fed. R. Civ. P. 12(b)(6) is incorporated by reference into Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

Decedent was killed in an automobile collision that occurred on September 27, 2010, when, according to the police report, Debtor's vehicle crossed into oncoming traffic, striking the front of Decedent's vehicle and pushing it off the roadway. As a result of the collision, Decedent sustained multiple traumas and was pronounced dead at the scene by emergency personnel. A later autopsy revealed that the cause of death was an aortic transection.

After the accident, Debtor did not render aid to Decedent but instead fled the scene on foot. The Pennsylvania State Police were unable to locate Debtor until the following morning. Earlier in the evening Debtor had been golfing and consuming alcoholic beverages.

On November 2, 2010, Debtor was criminally charged with "Homicide by Vehicle, Accidents Involving Death or Personal Injury, Failure to Keep Right, Careless Driving, Reckless Driving, Failure to Stop and Give Information/Render Aid, and Failure to Notify Police of Accident/Injury or Death." Compl. Ex. D. Debtor entered a guilty plea on all counts and was sentenced to twelve to sixteen months in jail.

Watkins, individually and as the administrator of Decedent's estate, brought a wrongful death and survival action against Debtor. On December 12, 2014, an Order was entered by the Court of Common Pleas of Huntingdon County approving a settlement between Watkins and Debtor and entering judgment for Watkins and against Debtor in the amount of $85,000.

To satisfy the judgment, Watkins filed a writ of execution on two parcels of real estate owned by Debtor in Huntingdon, Pennsylvania. A sheriff's sale was scheduled for June 18, 2015, but was stayed when Debtor filed his bankruptcy petition on June 15, 2015.

Debtor and Watkins have filed briefs on the Motion and the matter is ready for decision.[2]

## II. Discussion

*A. Motion to dismiss under Fed. R. Civ. P. 12(b)(6)*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When evaluating a motion to dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

Courts within the Third Circuit apply a two-step process to determine whether relief should be granted under Rule 12(b)(6). Specifically, a court first must separate all factual and legal elements of the cause of action, treating all facts alleged in the complaint as true. *Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, examining the factual allegations alone, the court must determine whether the plaintiff's allegations give rise to a plausible claim for relief. *Id.* at

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This non-*Stern* matter is core pursuant to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes the findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

3

Case 1:15-ap-00147-MDF    Doc 9    Filed 12/14/15    Entered 12/15/15 13:05:23    Desc
Main Document    Page 3 of 10

211. This determination is context-specific and requires the "court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 664. When considering a motion to dismiss a complaint, a court may consider not only the text of the complaint itself but also any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citations omitted).

I will apply these standards of review to the Motion seeking dismissal of the three counts of the Complaint.

*B. Exceptions to discharge under 11 U.S.C. § 1328(a)(4)*

In Count I of the Complaint, Watkins asserts that the judgment the parties entered into after settlement of the wrongful death and survival action against Debtor should be excepted from discharge under 11 U.S.C. §1328(a)(4). Section 1328(a)(4) provides, in relevant part, that

> . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt
> . . .
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C. §1328(a)(4).[3]

In the within case, there is no dispute that damages were awarded in a civil action against Debtor because of his role in producing an injury that culminated in Decedent's death. What is in dispute is whether Debtor's actions were either "willful" or "malicious" as contemplated by the statute. Simply alleging actions were willful or malicious in a conclusory fashion is insufficient

---

[3]Debtor concedes that, unlike §523(a)(6) which requires a showing of willfulness *and* maliciousness for a debt to be found to be nondischargeable, §1328(a)(4) only requires a showing of *either* willfulness *or* maliciousness.

to meet the *Twombly/Iqbal* plausibility standard. Under this standard, a plaintiff must plead sufficient facts to enable a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and to establish "more than a sheer possibility that a defendant has acted unlawfully" *Iqbal,* 556 U.S. at 678. (quoting *Twombly,* 550 U.S. at 555). Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted).

In the context of § 523(a)(6)[4], the Supreme Court has explained that a "willful" injury is "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis original).[5] The scienter requirement of § 523(a)(6), therefore, does not except from discharge debts that arise from an injury that is recklessly or negligently inflicted. *Id*. at 61. The Third Circuit has further explained that actions that "have a substantial certainty of producing injury" also are considered to be willful for purposes of §523(a)(6). *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 307 (3d Cir. 1994). An injury is "malicious" if it was caused by a wrongful act and done without just cause or excuse. *Webb v. Webb* (*In re Webb*), 525 B.R. 226, 232-33 (Bankr. M.D. Pa. 2015) (citing *GMAC, Inc. v. Coley (In re Coley)*, 433 B.R. 476, 498 (Bankr. E.D. Pa. 2010)). The "malicious" standard,

---

[4]The parties do not dispute that the terms willful and malicious have the same meaning under §1328(a)(4) as they do under §523(a)(6).

[5]Watkins has cited *In re Dale*, 199 B.R. 1014 (Bankr. S.D. Fla. 1995) in support of the proposition that a debtor who is driving while intoxicated and is involved in an accident is necessarily committing a willful and malicious act. This decision, however, predates the Supreme Court's decision in *Geiger*. I doubt the holding in *Dale* remains good law in light of the Supreme Court's holding that to be willful and malicious, the *injury* must be deliberate, not just the act.

however, does not require a plaintiff to prove that a debtor acted out of "personal hatred, spite or ill-will." *Id*. (citations omitted).

Debtor argues that Count I of the Complaint should be dismissed because Watkins has failed to plead sufficient facts to support a finding that Decedent's death resulted from a "willful" injury under *Geiger* and *Conte*. I agree. To constitute a willful action under § 1328(a)(4), Watkins must allege that Debtor engaged in actions that either were intended to injure or substantially certain to injure Decedent. It is not sufficient for Watkins to allege that Debtor was convicted of a variety of offenses or that he settled the civil suit. Even driving while intoxicated alone is not sufficient to allege a cause of action under § 1328(a)(4).

The documents submitted by Watkins in support of an exception to discharge under this provision are insufficient to meet the required standard of pleading. There are no admissions in the civil suit settlement that Debtor intentionally collided with Decedent's vehicle. And although Debtor pleaded guilty to homicide by vehicle, a driver may be convicted under this statute on a finding of negligence or recklessness, a lower standard than is required for willfulness under the Bankruptcy Code. *See* 75 Pa. C.S. § 3732.

Section 523(a)(6) is ill-suited to address injuries inflicted in a traffic accident arising from a debtor's wrongful conduct. Convictions for drunk driving, like homicide by vehicle, are often obtained by the lesser standards of negligence or recklessness. *Lugo v. Paulsen*, 886 F.2d 602, 610 n.11 (3d Cir. 1989). Section 523(a)(6) requires more at a minimum an intentional act substantially certain to cause injury. *Compare, Hough v. Margulies (In re Margulies)*, 541 B.R. 156 (Bankr. S.D.N.Y 2015) (holding that motorist, impatient with long delay, committed willful and malicious act when he moved from stopped position striking and injuring flagman), *with*

6

*DeBlasio v. Groff (In re Groff)*, 301 B.R. 644 (Bankr. D.N.J. 2003) (holding that motorist convicted of driving under suspension in unregistered and uninsured vehicle did not commit willful and malicious act when she struck and killed nine-year-old pedestrian). Therefore, the Motion to dismiss Count I will be granted.

      *B. Exceptions to discharge under §§523(a)(9) as incorporated by 1328(a)(2)*

Section 523(a)(9) was adopted "(1) to deter drunk driving; (2) to ensure that those who caused injury by driving drunk did not escape civil liability through the bankruptcy laws; and (3) to protect victims of drunk driving." *Lugo,* 886 F.2d at 610 (quoting *In re Hudson,* 859 F.2d 1418, 1423 (9th Cir.1988)). Section 1328(a)(2) of the Bankruptcy Code incorporates the terms of §523(a)(9) to render nondischargeable debts "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 1328(a)(2).

To except a debt from discharge under § 523(a)(9), a plaintiff must prove that: (1) there was a death or personal injury; (2) that the death or personal injury was caused by the unlawful operation of a motor vehicle; and (3) that the unlawful operation of the motor vehicle can be attributed to the debtor's intoxication. *Cobb v. Clampitt (In re Clampitt)*, 499 B.R. 640, 651 (Bankr. W.D. Mo. 2013); *United Servs. Auto. Assn. v. Pair (In re Pair)*, 264 B.R. 680, 684 (Bankr. D. Idaho 2001).

In the Complaint, Watkins asserts that Debtor caused the Decedent's death while unlawfully operating a motor vehicle while he was intoxicated. Debtor counters that since he fled the scene and was not apprehended until the next morning, there is no proof that he was intoxicated. While Debtor was not charged with driving under the influence, Watkins is not

7

barred from establishing through evidence at trial that Debtor was intoxicated at the time of the accident. *See In re Clampitt*, 499 B.R. at 652 (finding that a chemical blood alcohol test is not required to establish intoxication); *Simons v. Hart (In re Hart),* 347 B.R. 635 (Bankr. W.D. Mich. 2006) (holding that under § 523(a)(9), a driver may be found to be operating a vehicle unlawfully through intoxication even when the driver's blood alcohol level is below the state limit); *Hrynciw v. Crump (In re Crump)*, 321 B.R. 879, 882 (N.D. Ohio 2004) (holding that § 523(a)(9) empowers a bankruptcy judge to determine whether a debtor operated a motor vehicle while intoxicated based upon a consideration of all relevant circumstances); *In re Pair*, 264 B.R. at 684 (holding that plaintiff was not required to prove that debtor was found guilty of drunk driving under state law).

In support of his claim, Watkins alleges that Debtor had been consuming alcohol earlier in the evening before the accident, and that he was intoxicated at the time of the crash. Under Pennsylvania law, "an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the vehicle." 75 Pa. C.S.A. § 3802(a)(1). But mere evidence that a party was drinking alcoholic beverages is not admissible, unless a degree of intoxication is established to show an unfitness to drive. *Braun v. Target* Corp. 963 A.2d 752, 760 (Pa. Super. 2009). In other words, a plaintiff must offer additional evidence other than the fact that the defendant had been drinking before being involved in an accident. Chemical evidence as to intoxication, however, is not required. In the absence of breath analysis or blood alcohol testing, lay testimony may be provided as to the defendant's conduct and appearance. Also, physical evidence of the accident scene may be used

8

to corroborate allegations of intoxication. *Id.* at 760-61. Because I must accept Watkins' allegations as true under the *Twombly/Iqbal* standard, I find they are sufficient to raise his right to relief above the speculative level under §1328(a)(2). Watkins may proceed to trial on Count II where he will be afforded an opportunity to provide evidence of Debtor's intoxication. *See Joy v. Healthcare C.M.S.*, 534 F.Supp. 2d 482, 484 (D. Del. 2008) (*Twombly* "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element"). Therefore, the Motion to dismiss will be denied as to Count II.

    C. *Exceptions to discharge under §1328(a)(3)*

Section 1328(a)(3) of the Bankruptcy Code prohibits the discharge of any debt "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime." Watkins avers that Debtor was ordered to pay criminal restitution as part of his sentence based on his guilty plea. Other than this bald statement, no facts are offered to support this allegation. In support of the Complaint, Watkins attached the January 27, 2011 sentencing order issued by the Court of Common Pleas of Huntingdon County. Although the order requires Debtor to pay costs and a fine of $1,000, it is silent on the issue of criminal restitution.[6] Accordingly, Watkins has failed to state a plausible case under Count III, which will be dismissed.

---

[6]The criminal fine imposed by the state court is not a component of Watkins' claim.

9

### III. Conclusion

For the reasons set forth above, the Motion will be granted as to Counts I and III and will be denied as to Count II.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: December 14, 2015